1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION
_____/

This Order Relates to:

ALL CASES
_____/

No. M 07-1827 SI

MDL. No. 1827

**ORDER APPOINTING MARTIN QUINN AS SPECIAL MASTER**

By letter filed March 2, 2010, Judge Smith informed the Court of her resignation as Special Master in these proceedings, and she recommended Martin Quinn of JAMS as her replacement. As discussed at the March 29, 2010 status conference, the Court has decided to appoint Mr. Quinn as a Special Master to assist the Court in this litigation. Mr. Quinn has notified the Court that he is willing to accept such an appointment.

At the status conference, counsel for defendants and the direct action plaintiffs stated that they had no objection to Mr. Quinn. Counsel for the class plaintiffs stated that they also had no objection to Mr. Quinn, but that due to the expense associated with a Special Master, they preferred referral to a Magistrate Judge. However, the Court believes that in light of the growing number of discovery disputes, as well as the increasing complexity of these proceedings due to certification of the classes, intervention by the States regarding discovery matters, and the filing of the direct action cases, it is appropriate to continue with a Special Master. As discussed at the hearing, the Court and the Special Master will work with the parties to minimize the time and expense related to proceedings before the Special Master.

**I.    Scope**

1.    <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order shall apply to all cases currently pending in MDL No. 1827 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings.

2.    <u>Appointment of Special Master</u>.  Pursuant to Federal Rule of Civil Procedure 53 the Court hereby appoints Martin Quinn as a Special Master to assist the Court in this litigation.

**II.    Basis for Appointment**

3.    <u>Basis for Appointment</u>.  The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), and to address pretrial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

4.    <u>No Grounds for Disqualification</u>.  Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.  During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

5.    <u>Fairness Considerations</u>.  Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties.  The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-saving to all parties.  The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and Liaison Counsel.

6.    <u>Proper Notice Given to All Parties</u>.  Pursuant to Rule 53(b)(1) and Pretrial Order No. 1, the Court gave all parties to the MDL proceedings notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such an appointment before issuing this Order.

### III.    Special Master's Duties, Authority and Compensation

7.    <u>Diligence</u>.  Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties in the MDL proceedings.

8.    <u>Scope of the Special Master's Duties</u>.  Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with all discovery disputes, managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake.  The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45.  The Special Master is authorized to receive and consider information designated as confidential pursuant to the Protective Order entered in this matter.  The Special Master has agreed to be bound by said Protective Order.

9.    <u>Scope of the Special Master's Authority</u>.  The Special Master shall have the authority provided in Rule 53(c) and 53(d).

10.    <u>Procedure for Motions Submitted to the Special Master</u>.  The procedural requirements contained in this Court's Pretrial Orders shall govern any motion practice before the Special Master.

11.    <u>Ex Parte Communications</u>.  Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time.  The Special Master shall not communicate ex parte with any party without first providing notice to, and receiving consent from, plaintiffs' and defendants' Liaison Counsel.

12.    <u>Preservation of Materials and Preparation of Record</u>.  Pursuant to Rule 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations.  Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF") as described in the Court's Pretrial Order No. 1, paragraph 7.  Such filing shall fulfill the Special Master's duty to serve his orders on the parties.  Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 17 herein.

13. <u>Compensation</u>. Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall be compensated at an hourly rate of $600.00 for his services as Special Master in the MDL proceedings, plus the Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall not charge for travel time. Mr. Quinn shall prepare a monthly invoice for his services, which he shall provide to all Liaison Counsel. Plaintiffs and defendants shall each pay half of the monthly invoice, unless the Special Master or the Court directs otherwise. Liaison Counsel for the class and the direct action plaintiffs shall meet and confer with plaintiff's Interim Lead Counsel regarding how to apportion plaintiffs' half of a particular invoice. Defendants' Liaison Counsel also shall meet and confer with other defense counsel regarding how to apportion defendants' half of a particular invoice. Liaison Counsel shall each be responsible for promptly forwarding payment of the Special Master's invoice.

14. <u>Special Master's Reports to Court</u>. Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f).

## IV. Action on Special Master's Orders, Reports, or Recommendations

15. <u>Scope of Section</u>. Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 16 through 19 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

16. <u>Time Limits for Review</u>. Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion.

17. <u>Filing the Record for Review</u>. The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any

documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

18. <u>Standard for the Court's Review</u>. Pursuant to Rule 53(g)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review *de novo* any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

19. <u>Court's Actions on Special Master's Orders</u>. Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

**IT IS SO ORDERED.**

Dated: April 12, 2010

SUSAN ILLSTON
United States District Judge