| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates To: | No. C 10-117 SI |
| ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP., Plaintiffs, v.<br>EPSON IMAGING DEVICES CORP., *et al.*, Defendants. | **ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT** |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

On February 4, 2011, the Court held a hearing on plaintiffs' motion to amend the complaint to add a new defendant, NEC LCD Technologies Ltd. ("NLT"). Plaintiffs assert that no undue prejudice will result from the proposed amendment and that plaintiffs have exercised reasonable diligence in seeking the amendment. NLT has intervened in order to oppose the motion, and contends that it will be at a "tremendous disadvantage" if it is joined to this case because it is not a defendant in any of the pending class, state attorney general, or direct actions.

The Court concludes that plaintiffs have not shown that amendment is appropriate because NLT will be prejudiced by having to defend itself at this stage of the MDL proceedings. NLT has not been named as a defendant in any of the MDL cases since August 2008, and NLT states that it has not collected or produced documents in response to a grand jury subpoena or this litigation. NLT states,

*inter alia*, that it has not had access to any of the 20-25 million pages of documents produced in the MDL, and that NLT has not had any opportunity to participate in discovery of any sort, including the depositions, the majority of which have occurred overseas. NLT also states, "In addition to reviewing and analyzing the depositions that have been taken, it is almost a certainty that unless these overseas depositions are reopened, to which we doubt that other parties would consent and for which relief would need to be sought from the Court, NLT will be incurably crippled in its ability to develop a record that would assist NLT in its efforts to show its lack of participation in the alleged conspiracy." Opp'n at 13:12-18. Permitting plaintiffs to add NLT as a defendant in this case would almost certainly require modification of the current pretrial scheduling order, which was crafted after numerous meetings between counsel and the Special Master.

Further, Electrograph states that if its motion to amend is denied, it will file a new action against NLT. In that event, plaintiffs will be able to pursue their claims against NLT and will not be prejudiced by the denial of the instant motion. A separate action against NLT also will not require any modification of the pretrial schedule currently in place.

Accordingly, the Court DENIES plaintiffs' motion to amend. This order resolves Docket Nos. 2199 and 2290 in M 07-1827 SI, and Docket No. 42 in C 10-117 SI.

**IT IS SO ORDERED.**

Dated: April 2, 2011

SUSAN ILLSTON
United States District Judge