| | |
|---|---|
| 1 | CHRISTOPHER A. NEDEAU (CA SBN 81297) |
| 2 | CARL L. BLUMENSTEIN (CA SBN 124158) |
|   | NOSSAMAN LLP |
| 3 | 50 California Street, 34th Floor |
|   | San Francisco, CA 94111 |
| 4 | Telephone: (415) 398-3600 |
|   | Facsimile: (415) 398-2438 |
| 5 | cnedeau@nossaman.com |
|   | cblumenstein@nossaman.com |

Attorneys for Defendants
AU Optronics Corporation and
AU Optronics Corporation America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | CASE NO. 3:07-md-1827 SI<br>MDL No. 1827 |
| THIS DOCUMENT RELATES TO:<br><br>*AT&T Mobility LLC et al v. AU Optronics Corporation, et al.*, Case No. 09-cv-4997<br><br>*Best Buy Co., Inc., et al. v. AU Optronics Corporation, et al.*, Case No. 10-cv-4572<br><br>*Costco Wholesale Corporation v. AU Optronics Corporation, et al.*, Case No. 11-cv-0058<br><br>*Dell Inc. et al. v. Sharp Corporation, et al.*, Case No. 10-cv-1064<br><br>*Eastman Kodak Company v. Epson Imaging Devices Corporation, et al.*, Case No. 10-cv-5452<br><br>*Electrograph Systems, Inc., et al. v. Epson Imaging Devices Corp., et al.*, Case No. 10-cv-0117<br><br>*Motorola, Inc. v. AU Optronics Corporation, et al.*, Case No. 09-cv-5840<br><br>*Target Corp. et al. v. AU Optronics Corporation, et al.*, Case No. 10-cv-4945<br><br>*TracFone Wireless, Inc. v. AU Optronics Corporation, et al.*, Case No. 10-cv-3205 | **STIPULATION AND ORDER TO MODIFY NOVEMBER 13, 2009 ORDER RE DEPONENTS ASSERTING THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION** |

| | |
|---|---|
| 1 | WHEREAS the Court previously entered its November 13, 2009 Order re Deponents Asserting the Fifth Amendment Privilege Against Self-Incrimination as Docket No. 1381 (hereafter "November 13, 2009 Order"); |

WHEREAS the Court previously entered its November 13, 2009 Order re Deponents Asserting the Fifth Amendment Privilege Against Self-Incrimination as Docket No. 1381 (hereafter "November 13, 2009 Order");

WHEREAS plaintiffs have taken civil depositions of six present and former employees and officers of AUO or AUOA in which each of those individuals asserted his or her right not to testify under the Fifth Amendment of the United States Constitution;

WHEREAS a superseding indictment was returned on June 10, 2010 against AU Optronics Corporation ("AUO") and AU Optronics Corporation America ("AUOA"), among others, in Case No. CR-09-0110-SI ("the Criminal Case");

WHEREAS the Court has scheduled a trial date of January 9, 2012 in the Criminal Case and has scheduled a trial date of November 5, 2012 for certain Direct Action and Attorney General cases in the above-captioned MDL proceeding and has scheduled other pretrial deadlines in those proceedings;

WHEREAS, upon stipulation of the class plaintiffs and the AUO defendants, the Court on December 8, 2010 entered an Order to Modify November 13, 2009 Order re Deponents Asserting the Fifth Amendment Privilege Against Self-Incrimination which was docketed as Docket No. 2192;

WHEREAS, the Direct Action Plaintiffs and defendants AUO and AUOA seek to provide for the orderly completion of deposition discovery in the above-captioned proceedings and also to coordinate between the parallel civil and criminal proceedings;

IT IS HEREBY STIPULATED AND AGREED by the Direct Action Plaintiffs and defendants AUO and AUOA, by and through their undersigned liaison counsel and counsel and subject to the concurrence of the Court, that the November 13, 2009 Order is hereby modified as follows:

1. Any present officer or employee of AUO or AUOA, or any former officer or employee of AUO or AUOA who remains represented by the below-signed counsel for AUO and AUOA, who at deposition asserts or has asserted his or her right under the Fifth Amendment of the United States Constitution not to testify will be bound by that assertion of the privilege in the trial of the above-captioned cases and shall not be permitted to testify at trial unless, not later than December 9, 2011 (or in the event that the trial date in the Criminal Case is continued and provided that the Criminal Case is still to be tried before the above-captioned cases, 30 days before such continued trial date), notice is

provided in writing that the below-signed counsel for AUO and AUOA have a good faith belief that such witness intends to waive his or her Fifth Amendment right. Upon giving such notice, any revoking deponent shall make himself or herself available for deposition in the above-captioned proceedings at his or her expense in San Francisco, California, such deposition to be scheduled for a mutually agreeable date and not later than 90 days after entry of judgment in the Criminal Case. These depositions shall be permitted to occur on this schedule notwithstanding the fact discovery cut-off in the above-captioned cases. If notice is given and the witness does not waive his or her Fifth Amendment right or fails to appear for deposition, the witness will be bound by the assertion of the Fifth Amendment right in the above-captioned cases. A revocation within the terms of this order does not guarantee the witness's right to submit an affidavit or to testify at trial, if plaintiffs make a sufficient showing of prejudice or if the initial invocation represented an attempt to abuse, manipulate, or gain an unfair advantage in the civil proceeding.

2. Nothing in this order in any way impairs or forecloses any party's right to seek relief otherwise permitted by law, including but not limited to further modification of this order from the Court or plaintiffs' request for an adverse inference instruction based on a deponent's assertion of his or her Fifth Amendment right against self-incrimination.

3. This Stipulation and Order shall not modify the November 13, 2009 order with respect to any deponents who are not either (i) present employees of AUO or AUOA or (ii) former employees who have continued to be represented in this action by the below-signed counsel for AUO and AUOA.

DATED: November 16, 2011      NOSSAMAN LLP

By: _*/s/ Carl L. Blumenstein*_
Carl L. Blumenstein
Attorneys for Defendants
AU Optronics Corporation and
AU Optronics Corporation America

CROWELL & MORING LLP

By: _*/s/ Jerome Murphy*_
Jerome Murphy
Liaison Counsel for Direct Action Plaintiffs

Attestation: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.

**IT IS SO ORDERED.**

Dated: 11/17/11

_____
The Honorable Susan Illston
United States District Judge