IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*Electrograph Systems, Inc. v. Epson Imaging Devices Corp., et al.,* C 10-0117 SI | Case Nos.: C 10-0117 SI;<br><br>**ORDER DENYING MOTION BY DEFENDANT MITSUI & CO. (TAIWAN), LTD. FOR SUMMARY JUDGMENT DISMISSING ELECTROGRAPH PLAINTIFFS' CLAIMS** |

Defendant Mitsui & Co. (Taiwan), Ltd.'s motion for summary judgment dismissing Electrograph's[1] claims is scheduled for a hearing on December 14, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing on this motion. For the reasons set forth in this order, defendant's motion is DENIED. Docket Nos. 6182 and 6324.

**I.    Sherman Act claims**

Citing *In re Citric Acid Litigation*, 995 F. Supp. 951 (N.D. Cal. 1998), *aff'd* 191 F.3d 1090 (9th Cir. 1999), defendant Mitsui & Co. (Taiwan), Ltd. ("Mitsui")[2] contends that there is no direct evidence

---

[1] The Electrograph plaintiffs are Electrograph Systems, Inc. and Electrograph Technologies Corp.

[2] Mitsui & Co. (Taiwan), Ltd. is the named defendant and moving party. The parties do not dispute that Mitsui Taiwan is wholly owned by Mitsui & Co., Ltd. ("Mitsui Japan"), and is an affiliate of Mitsui & Co. (U.S.A.), Inc., which is also wholly owned by Mitsui Japan. The evidence submitted includes not only documents of Mitsui Taiwan, but exchanges among the Mitsui entities as well as exchanges between Mitsui Japan and/or Mitsui U.S.A. and others.

1 that it participated in the alleged price-fixing conspiracy, and that any circumstantial evidence of its
2 participation does not tend to exclude the possibility that it acted independently.

Viewed in the light most favorable to plaintiffs, the Court concludes that there is admissible evidence from which a jury could conclude that Mitsui participated in the alleged price-fixing conspiracy. Although there is no "smoking gun" linking Mitsui to the Crystal Meetings, there is sufficient evidence for a jury to find that Mitsui participated in the overarching conspiracy to fix prices of TFT-LCD panels. Plaintiffs have submitted, *inter alia*, evidence of exchanges of pricing and other proprietary LCD panel information with other defendants, *see* Docket No. 6498-1, Exh. 1, 2. While the parties dispute whether these exchanges of sensitive pricing information were permissible competitive behavior, such disputes regarding the interpretation of evidence are not appropriate for resolution on summary judgment.

Further, unlike *Citric Acid*, no conspirator in this case has unequivocally stated that Mitsui was not involved in the conspiracy.[3] *Cf. Citric Acid*, 996 F. Supp. at 956 ("Most persuasive is the testimony of Hans Hartmann, . . . who pled guilty to being a member of the conspiracy [and] stated that no one from Cargill attended any of the meetings at which the conspirators allocated market share . . . and that he never received sales figures from Cargill.").

## II.     Injury

Mitsui argues Electrograph cannot produce evidence of injury "caused by the activity reflected in the emails [submitted as evidence]" and cannot produce evidence as to whether the prices of Sanyo's panels were "anything other than competitive." Motion at 23, Reply at 14.

The Court disagrees. In light of the Court's conclusion above, Electrograph has produced enough evidence at this stage to create a triable issue of fact as to whether Sanyo's panels were "anything other than competitive," and thus, whether plaintiffs suffered injury.

---

[3]Mitsui argues that no Mitsui entity participated in the Crystal Meetings, as evidenced by the fact that "every participant in the Crystal Meetings who has testified in this case has testified that neither Sanyo nor any Mitsui entity ever attended or participated in the Crystal Meetings." Motion at 14. This Court has rejected similar arguments. *See* Dkt. No. 4108. Mitsui's claimed absence at the Crystal Meetings does not necessarily equate to a lack of participation in the conspiracy.

### III. State antitrust claims

Mitsui also moves for summary judgment on Electrograph's state law antitrust claims on the ground that the antitrust laws in those states are construed in accordance with federal law, and therefore, because Mitsui is entitled to summary judgment on the Sherman Act and price-fixing claims, it is entitled to summary judgment on the state claims. For the reasons set forth above, the Court finds that there are triable issues of fact as to whether Mitsui participated in the conspiracy, and therefore the Court DENIES defendant's motion for summary judgment on this ground.

Accordingly, the Court DENIES defendants' motions for partial summary judgment. Docket Nos. 6182 and 6324.

**IT IS SO ORDERED.**

Dated: December 13, 2012

SUSAN ILLSTON
United States District Judge